IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TAILWIND SPORTS, CORP., | § | |
| Plaintiff, | § § § | |
| V. | § | A-06-CA-1001 LY |
| THE BERRY GROUP, | § § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Remand, filed January 8, 2007 (Clerk's Dkt. #7); Defendant's Response to Plaintiff's Motion to Remand, filed January 18, 2007 (Clerk's Dkt. #10); and Plaintiff's Reply Brief in Support of its Motion to Remand, filed January 25, 2007 (Clerk's Dkt. #12). The motion was referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the parties' pleadings, relevant case law and the case file, the undersigned issues the following Report and Recommendation to the District Court.

**I. BACKGROUND**

Plaintiff Tailwind Sports Corp. ("Tailwind") filed this action in the 345th Judicial District Court of Travis County, Texas on July 15, 2006. The sole named defendant is The Berry Group ("Berry"). The lawsuit concerns a sponsorship agreement entered into by the parties. According to Tailwind, although it has materially performed the required obligations, Berry has refused to pay sums it owes. (Plf. Orig. Pet. ¶5). Plaintiff asserted claims for breach of contact and quantum meruit. (*Id*. ¶¶6-7).

Defendant was served with process on December 12, 2006 and filed a notice of removal in this Court on December 26, 2006. In the notice of removal, Defendant asserts jurisdiction is proper in this Court based on diversity of citizenship. Plaintiff has now moved to remand, arguing the removal was improper. Specifically, Tailwind contends the sponsorship agreement contains a venue provision designating exclusive venue over this action in Travis County District Court. The parties have filed responsive pleadings and the matters are now ripe for determination.

## II. STANDARD OF REVIEW

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). In determining whether jurisdiction is present for removal, a court looks to the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). A suit between diverse parties may be adjudicated in a federal forum only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both the existence of jurisdiction and the propriety of the removal. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

## III. DISCUSSION

Plaintiff does not contend diversity jurisdiction has been improperly invoked by Defendant. Rather, Plaintiff moves to remand on the basis of a clause in the sponsorship agreement. The clause provides:

> Governing Law and Venue. This Agreement is to be governed and construed according to the laws of the State of Texas without regard to conflicts of law. The proper venue for resolution of any dispute related to this Agreement is only in Travis County, Texas. The Sponsor consents to personal and subject matter jurisdiction in Travis County, Texas.

(Plf. Mot. to Remand Ex. A ¶17). Plaintiff argues this clause constitutes a mandatory forum

selection clause designating exclusive venue in the Texas state courts in Travis County. Defendant agrees venue in this action lies within Travis County, but maintains the language of the clause does not limit venue solely to Texas state courts.

A forum selection clause may constitute a waiver of a defendant's right to remove a civil action to federal court. *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001). Such a waiver must, however, be "clear and unequivocal." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004); *McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199, 1212 (5th Cir. 1991).

The parties agree there is no Fifth Circuit authority construing the effect of language similar to that used in the forum selection clause at issue in this case. Plaintiff instead relies on a Tenth Circuit case interpreting a forum selection clause which provided "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). The *Excell* court rejected the defendant's argument that the clause could be reasonably interpreted to allow removal of the case to federal district court that sits in El Paso County, stating:

> For federal court purposes, venue is not stated in terms of "counties." Rather, it is stated in terms of "judicial districts." *See* 28 U.S.C. § 1391. Because the language of the clause refers only to a specific county and not to a specific judicial district, we conclude venue is intended to lie only in state district court.

*Id*. At least two district courts in Texas have explicitly adopted this reasoning. *See Collin County v. Siemens Bus. Servs., Inc.*, 2006 WL 398481, at *1 (E.D. Tex. Feb. 16, 2006) (noting prior holding that defendant waives its right to remove case to federal court by consenting to forum selection clause which designates exclusive venue in a county rather than a judicial district); *First Nat'l of N. Am., LLC v. Peavy*, 2002 WL 449582, at *2 (N.D. Tex. Mar. 21, 2002) (interpreting clause providing "all claims shall be litigated only in Collin County, Texas" as limiting litigation to state court, relying in part on case law holding where a forum selection clause merely designates

a particular county, venue lies only in the state courts in that county).

Plaintiff characterizes the holding in *Excell* as a "general rule" that all clauses providing for venue in a specific county mandate venue lies only in the state courts in that county. The undersigned agrees a number of courts have reached that conclusion. However, in several of the very decisions cited by Plaintiff, there was no specific consideration of the option of litigating the matter in federal court. Moreover, the language of the contractual provisions at issue clearly influenced the outcome. *See, e.g., Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989) (concluding, without discussion, contractual provision in which licensee agreed to "jurisdiction of the courts of the State of Virginia" and venue was "deemed to be in Gloucester County, Virginia" limited jurisdiction to Virginia state court in Gloucester County); *Double A Home Care, Inc. v. Epsilon Sys., Inc.*, 15 F. Supp. 2d 1114, 1116 (D. Kan. 1998) (concluding without discussion of federal court availability, that provision in which parties "agree that said action shall be venued in the County of Ramsey, State of Minnesota" clearly requires venue in Minnesota state court).

The blanket rule urged by Plaintiff is further undercut by other decisions cited by Plaintiff. These cases employ a slightly different analysis, based on the absence of a federal courthouse in the location mandated for venue, in determining venue was not proper in federal court. *See Paolino v. Argyll Equities, L.L.C.*, 2005 WL 2147931, at *5 (W.D. Tex. Aug. 31, 2005), *aff'd* 2006 WL 3821812, at *1 (5th Cir. Dec. 28, 2006) (provision stating party "consents to the exclusive jurisdiction of the courts sitting in Kendall County, Texas, United States of America" could not refer to federal court because court held proceedings in San Antonio, which is in Bexar County and thus did not "sit" in Kendall County); *Greenville Elec. Util. Sys. v. N. Pac. Group, Inc.*, 2001 WL 804521, *2 (N.D. Tex. July 6, 2001) (contract providing venue shall lie in "Greenville, Hunt County, Texas" could not be interpreted to permit removal to federal court because there is no federal courthouse in that city). *See also First Nat'l*, 2002 WL 449582 at *2 (noting clause providing "all claims shall be litigated only in Collin County, Texas" could not permit filing of suit in federal court because

there is no federal district court located in Collin County, Texas); *Infinite Tech., Inc. v. Rockwell Elec. Commerce Corp.*, 2001 WL 527357, at *2 (N.D. Ill. May 16, 2001) (contract requiring suit to be brought in "courts of DuPage County, State of Illinois" could not be interpreted to include federal court located in Cook County, Illinois).  In light of these varying interpretations, the undersigned declines to adopt Plaintiff's characterization of the Tenth Circuit's decision in *Excell* as establishing a "general rule" governing this matter.  Indeed, as even Plaintiff acknowledges, there is no binding precedent from the Fifth Circuit on this point.

Defendant cites the Fifth Circuit's decision in *Dixon v. TSE Int'l Inc.*, 330 F.3d 396 (5th Cir. 2003) as instructive.[1]  In *Dixon* the parties had entered into a contract which provides that "[t]he Courts of Texas, U.S.A., shall have jurisdiction" over any resulting disputes.  Focusing on the use of the term "of," the district court had concluded "the federal courts of the Eastern District of Texas are not courts of Texas because they do not belong to Texas, but rather are courts of the United States."  *Id.* at 398.  The Fifth Circuit agreed, holding federal district courts may be in Texas, but they are not of Texas.  *Id.*

Defendant argues application of *Dixon* to the facts of this case would lead this Court to conclude jurisdiction in the federal district court was not waived by the forum selection clause.  At least on district court in Texas has agreed.  *See Berry v. WPS, Inc.*, 2005 WL 1168412, at *2 (S.D. Tex. May 16, 2005) (holding federal court in Houston can be said to have jurisdiction under contractual clause requiring action to be brought "in Houston, Harris County, Texas" even though federal district courts are not courts of Texas).  Similarly, in another of the courts cited by Plaintiff as applying the "general rule" regarding counties, the court concluded a provision fixing venue in a city permitted the suit to be brought in either state or federal court in that city.  *See Aerus LLC*

---

[1]  Plaintiff maintains the *Dixon* decision is clearly distinguishable because there is no reference to a particular county in the contractual provision at issue in that case.  The analysis in *Dixon*, however, rested on the distinction between courts "in" and courts "of" a particular venue.  The decision is thus instructive, if not dispositive of the matter at issue in this case.

*v. Pro Team, Inc.*, 2005 WL 1131093, at *7 (N.D. Tex. May 9, 2005) (forum selection clause stating "jurisdiction, venue, and applicable law shall be [the] City of San Diego, California, United States of America" required lawsuit to be brought in state or federal court in San Diego, California).

In reviewing the cases addressing this issue the undersigned has found one commonality. The cases almost uniformly recognize the law is unsettled in this area. *See, e.g., Paolino*, 2005 WL 2147931, at *4-5 (noting mixed authority in courts addressing forum selection clauses designating venue in particular county); *Truserv Corp. v. Prices Ilfeld Hardware, Co., Inc.*, 2001 WL 1298718, at *1 (N.D. Ill. Oct. 24, 2001) ("Courts are split as to whether a forum selection clause's reference to a county, without more, includes federal as well as state courts"); *Greenville Elec.*, 2001 WL 804521, at *1 (commenting other federal courts confronting issue have reached inconsistent results). The undersigned thus concludes, as has a sister court "[a]t the very least then, the language upon which Plaintiff relies is subject to more than one reasonable interpretation–and is therefore ambiguous." *Berry*, 2005 WL 1168412, at *2. *See also Links Design, Inc. v. Lahr*, 731 F. Supp. 1535, 1536 (M.D. Fla. 1990) (provision stating "proper venue for said action shall be Polk County, Florida" could be interpreted to refer to either state or federal court). "The very presence of ambiguity indicates that the clause does not contain a 'clear and unambiguous' waiver of removal rights, and is therefore ineffective as a waiver." *Mun. Admin. Servs.*, 376 F.3d at 505-06.[2]  Accordingly, Plaintiff's motion to remand should be denied.

Plaintiffs also request an award of attorney's fees under 28 U.S.C. § 1447(c). That statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award fees is a matter of discretion. *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th

---

[2] Defendant also argues because there could have been copyright claims asserted under the agreement, and because such claims could only have been brought in federal court, the contractual provision must be read to encompass venue in federal court. The undersigned need not address this argument in light of the conclusion that the provision is ambiguous.

Cir. 1997); *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). The ultimate question considered by the court when applying § 1447(c) is "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). The undersigned has concluded the removal of this action was not clearly improper. Plaintiffs should not, therefore, be permitted recovery of their attorney's fees and expenses.

## V. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Remand (Clerk's Dkt. #7).

## VI. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of February, 2007.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE